## UNITED STATES ex rel. ZDUNIC v. UHL.

District Court, S. D. New York.

Aug. 11, 1942.

Bennet, House & Couts, of New York City (William S. Bennet, of New York City, of counsel), for relator.

Mathias F. Correa, U. S. Atty., of New York City (Samuel Brodsky and Stuart Z. Krinsly, Asst. U. S. Attys., both of New York City, of counsel), for respondent.

BRIGHT, District Judge.

Petitioner asks for a reargument of his application for a writ of habeas corpus, alleging that this court erroneously stated in its opinion that Austria on March 13, 1938, when Germany invaded it, became and since has been a state of the German Reich. He calls the court's attention to a release by the Secretary of State on July 29, 1942, when his attention was called to the fact that there appeared to be some confusion with respect to the view of this country as to the present status of Austria. He said: "It is probable that such confusion, if it exists, has arisen from administrative steps which may have been taken by this Government in pursuance of its own laws designed to afford adequate protection to this country's interests in dealing with the situation presented by the imposition of military control over Austria, and residents of Austria, by Germany. This Government very clearly made known its opinion as to the manner in which the seizure of Austria took place and the relation of that seizure to this Government's well-known policy toward the taking of territory by force. This Government has never taken the position that Austria was legally absorbed into the German Reich."

This situation was called to my attention in the brief submitted by petitioner's counsel at the time the motion was originally before me, and was carefully considered. Perhaps I should not have made the statement criticized. What I had in mind was that Austria, after March 13, 1938, had, as a matter of fact, ceased to exist as an independent nation, it had been over-run by Germany, and was subject to the latter's laws. Our nation had taken cognizance of that fact, at least de facto, so that its affairs and its affairs of its nationals might not be prejudiced, and under necessity, as a practical measure, had closed its Legation at Vienna, established a Consulate General, and had requested of Germany approval of a provisional consular status. Whether after the date mentioned Austria was de jure a German state, or de facto so far as this Government was concerned, it would make no difference in my determination that petitioner was a denizen of Germany. He lived within a German controlled country, subject to its domination and such laws as it cared to make, and enjoyed certain privileges more fully referred to in my memorandum.

The motion for a reargument is, therefore, denied.